[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 7, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-13486
Non-Argument Calendar

_____

BIA No. A79-400-488

LU MING YOU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

**(October 7, 2005)**

Before TJOFLAT, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Lu Ming You, a native and citizen of the Peoples' Republic of China, through counsel, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") order that denied his application for asylum.

You claimed that he fled to the United States for political asylum because he opposed the coercive family planning policy adopted by the Chinese government. Prior to leaving China, he lived with his girlfriend, whom he identified in his application and testimony as "Liu Yen Shin," but who was identified as "Yanqing Liu" on a document evidencing an abortion and on a statement apparently made by You's girlfriend.[1] He stated that he wanted to marry Shin, but was not allowed to because he was below the legal age under Chinese law. He claimed that he was entitled to asylum because he feared persecution on the basis that Shin became pregnant by him and underwent a forced abortion.

You argues that although he was not married to Shin, he should be granted asylum because the only reason they were not married was because of China's age restrictions on marriage, which "are part of a coercive family planning policy that Congress has condemned." He argues that, as the male partner of a woman forced to undergo an abortion, he is entitled to asylum as though he were a spouse.

---

[1]You's girlfriend is referred to as "Shin" throughout this opinion.

To the extent that the IJ's decision was based on a legal determination, review is <u>de novo</u>. <u>Mohammed v. Ashcroft</u>, 261 F.3d 1244, 1247-48 (11th Cir. 2001).

An alien who arrives in or is present in the United States may apply for asylum. <u>See</u> INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). Asylum may be granted if the alien meets the INA's definition of a "refugee." <u>See</u> INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of **persecution or a well-founded fear of persecution on account of** race, religion, nationality, membership in a particular social group, or **political opinion** . . . .

8 U.S.C. § 1101(a)(42)(A) (emphasis added). The asylum applicant carries the burden of proving statutory "refugee" status. <u>Al Najjar v. Ashcroft</u>, 257 F.3d 1262, 1284 (11th Cir. 2001). "To establish asylum eligibility based on . . . [a protected ground], the alien must, with credible evidence, establish (1) past persecution on account of [a protected ground], or (2) a 'well-founded fear' that [the protected ground] will cause future persecution." <u>Sepulveda v. U.S. Attorney Gen.</u>, 401 F.3d 1226, 1230-31 (11th Cir. 2005) (quoting 8 C.F.R. § 208.13(a), (b)).

3

To be eligible for asylum, an applicant must show that he is "unable or unwilling" to return to his country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). A person who has undergone a forced abortion, been persecuted for refusal to undergo such a procedure, or otherwise resisted a coercive population control program, is deemed to have been persecuted on account of political opinion. 8 U.S.C. § 1101(a)(42)(B). Further, "a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion." Id. Because You is male, these first two provisions are inapplicable to his situation. See id.

You also cannot be entitled to asylum as Shin's spouse because, as he acknowledged, they were never married. Recently in Yang v. U.S. Atty. Gen., No. 03-16068, slip. op. at 3012 n.6 (11th Cir., July 29, 2005), we stated that "[t]he BIA only extends refugee protection to an applicant whose *spouse* suffered forced sterilization or abortion." Yang at 3012 n.6 (citing In re C-Y-Z, 21 L&N Dec. 915, 918 (BIA 1997) (emphasis in original)). Accordingly, we conclude that the BIA did not err in finding that You was ineligible for asylum as Shin's spouse. Moreover, we have considered this record and find that substantial evidence

4

supports the IJ's finding that You's testimony was not credible and its finding that he was not entitled to asylum or withholding of removal.

**PETITION DENIED.**